# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY CURTIS VILA, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 17-0134-KD-MU |
| STEVE WADLINGTON, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Anthony Curtis Vila, a Conecuh County Detention Facility ("CCDF") inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii) because the claims are frivolous, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.

**I. Second Amended Complaint (Doc. 17).**

At the Court's direction, Plaintiff filed a second amended complaint which replaced earlier complaints and is the operative pleading for this Report and Recommendation. (Docs. 17).[1] In it, Plaintiff names as Defendants, Steve Wadlington,

---

[1] Plaintiff was ordered to file a second amended complaint because his first amended complaint (Doc. 12) contained claims arising from different sets of facts. (Doc. 16). In the second amended complaint, Plaintiff chose to proceed on his claims based on criminal proceedings against him and to forego claims based on his conditions of confinement. (Doc. 17).

District Attorney for Conecuh County, Alabama; Richard D.C. Nix, court-appointed defense counsel; Braxton L. Kittrell, Circuit Court Judge of Conecuh County; and David Jackson, Clerk of the Circuit Court of Conecuh County. (*Id.* at 8-10). Plaintiff seeks from Defendants compensatory damages in an amount greater than $25,000.00 and in the amount of $62,498.00 for wrongful imprisonment, treble compensatory and punitive damages, and exemplary damages. (*Id.* at 11).

According to Plaintiff, he was transported to CCDF on March 20, 2015 to face a charge of third-degree burglary, and he remained there until November 2, 2016. (*Id.* at 4). Upon his arrival, he immediately instructed his court-appointed counsel to file a motion for a speedy trial. (*Id.*). Plaintiff insisted that he was innocent of the criminal charge and continued to assert his speedy trial rights. (*Id.* at 4). During this time period, Defendants sought to have him plead guilty by offering him plea bargains. (*Id*). Each time when Plaintiff refused a plea bargain, the trial of his case would be continued. (*Id.*).

In October, 2016, Defendant Nix presented Plaintiff "with a plea bargain offer of 5 years suspended with 5 years of probation" and his immediate release. (*Id.* at 5). Defendant Nix told him that if he did not plead guilty, his November 2, 2016 trial date would be rescheduled and the Court would continue to postpone his trial dates. (*Id.*).

Plaintiff insisted on his innocence and asked Defendant Nix to review the discovery. (*Id.*). After examining the discovery, Defendant Nix returned from the District Attorney and agreed with Plaintiff that "there was little or no evidence." (*Id.*). Defendant Nix informed Plaintiff that the District Attorney reduced the plea offer to time served. (*Id.*). Plaintiff advised Defendant Nix that he would agree only to the case being nolle

2

prossed or he would go to trial. (*Id.*). Defendant Nix told Plaintiff that the case was too far along to be nolle prossed, and if Plaintiff rejected the offer, the trial of his case would keep being continued. (*Id.*).

During this conversation, Defendant Nix suggested if Plaintiff could come up with some money, the case may get thrown out. (*Id.*). "Exasperated by 18 months of duress," Plaintiff told Defendant Nix that he would pay $1,500.00 for the case to be nolle prossed. (*Id.*). Defendant Nix communicated this offer to Defendant Wadlington, and the next day Plaintiff learned that his offer was accepted. (*Id.*). His case was then nolle prossed. (*Id.*).

Plaintiff maintains that he was not granted justice but had to purchase it in violation of his constitutional rights and was wrongfully imprisoned for fifteen of his nineteen months of incarceration. (*Id.*). In support of this argument, he offers a letter from Defendant Nix dated October 14, 2016, in which Defendant Nix memorialized the plea agreement, provided a copy of the proposed motion to dismiss,[2] advised Plaintiff that Defendant Kittrell had not yet sent an order granting the motion, and instructed Plaintiff to pay $1,500.00 to the Clerk of the Court to trigger the dismissal of the case. (*Id.* at 7).

---

[2] The motion to nolle proseque was attached to the original complaint. (Doc. 3). The motion, filed on October 13, 2016 by District Attorney Steve Wadlington, states:

> A motion . . . to Nolle Prosse [was being made in plaintiff's case] with the Defendant [now Plaintiff] to pay Costs and Restitution, not to exceed $1,500.00. After costs are taken, the remainder should be forwarded to the Victim. Reasons for this Motion is [sic] that the Defendant has been incarcerated since 2014. Presumptive Guilt calls for a sentence of 16-18 months [sic] probation.

(*Id.*).

Plaintiff claims that "[f]rom 03/20/2015 to 11/2/2016, Defendant[s] . . . acted in concert with [each other] to sell justice by extorting money from [him] and to wrongfully imprison him acting under color of law in violation of the U.S. Constitution, while [he] was in pre-trial detention in Conecuh County, Alabama under cruel and unusual conditions of confinement." (*Id.* at 8-10). He further avers that "Defendant Kittrell forfeited [his] absolute immunity by breaking the law." (*Id.* at 9).

Presently, Plaintiff is incarcerated as a pretrial detainee in Montgomery County Detention, Montgomery, Alabama. (*Id.* at 9).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his second amended complaint (Doc. 17) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[3]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim

---

[3] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

4

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

The Court gives a *pro se* litigant's allegations liberal construction and holds them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The Court does not, however, have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

#### A. Conspiracy Claim.

In Section III of the complaint form in the space for describing the supporting facts of his claim against a Defendant, Plaintiff alleges that Defendant "acted in concert with the other defendants to sell justice by extorting money from [him]." (Doc. 17 at 8-10). Plaintiff repeated this statement against each Defendant. (*Id.*). The use of the word "concert" is found only in these statements. In his general description of his claims, Plaintiff does not mention the words concert or conspiracy, nor do his allegations support a finding of a conspiracy or someone acting in concert. Rather, the allegations in his general description simply describe events occurring in the plea bargain process.

In order to state a § 1983 conspiracy claim, "a plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy.'" *Bailey v. Board of Cty. Comm'rs of Alachua Cty., Fla.,* 956 F.2d 1112, 1122 (11th Cir.) (brackets in original) (quoting *Bendiburg v. Dempsey,* 909 F.2d 463, 468 (11th Cir.), *cert. denied,* 500 U.S. 932 (1991)), *cert. denied,* 506 U.S. 832 (1992). The linchpin for stating a conspiracy claim is an agreement. *Id.* This agreement must be shown with sufficient facts to plausibly suggest that an agreement was made. *Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965. However, "a conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality." *Id.* at 557, 127 S.Ct. at 1966. "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice[;] [w]ithout more, parallel conduct does not suggest conspiracy[.]" *Id.* at 556-57, 127 S.Ct.

at 1966. That is, the allegations "must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 557, 127 S.Ct. at 1965; *see Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir. 1992) (holding the stringing together of steps in the commitment process without alleging contacts to prove an understanding was reached did not state a conspiracy claim). In the absence of specific facts, an allegation of a conspiracy that is vague and conclusory or is merely a label is subject to dismissal. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965; *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).

In the present action, Plaintiff's allegations of acting in concert are merely conclusory assertions, lacking in development, and do not demonstrate that a conspiracy existed. Moreover, the other allegations in the complaint only reflect occurrences in the criminal process connected to his plea bargain. As a consequence, Plaintiff has failed to state a § 1983 conspiracy claim, and as such, the conspiracy claim is due to be dismissed without prejudice.

**B. Claims Against Defendant Nix.**

Plaintiff sued his court-appointed criminal defense counsel, Richard D.C. Nix. (Doc. 17 at 4, 8). The factual allegations against Defendant Nix arise from his representation of Plaintiff on the third-degree burglary charge, which resulted in the plea bargain. Plaintiff describes his claims against Defendant Nix, and others, as the "sale of justice" and "wrongful imprisonment." (*Id.* at 8).

In order to state a claim under § 1983, a plaintiff must sue a defendant who acts under color of state law when he or she violated the plaintiff's constitutional rights. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 69 L.Ed.2d 420 (1981),

7

*overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986); *Harvey,* 949 F.2d at 1130. In a § 1983 action, criminal defense counsel, whether court-appointed or retained, does not act under color of state law in the absence of a conspiracy. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender); *Slavin v. Curry,* 574 F.2d 1256, 1264 (5th Cir.) (retained counsel),[4] *overruled by on other grounds by Sparks v. Duval Cty. Ranch Co.,* 604 F.2d 976 (5th Cir. 1979).

In *Polk County,* the Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Id.* at 318, 102 S.Ct. at 449. The *Polk County* Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." *Id.* at 319, 102 S.Ct. at 450. The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. *Id.* at 325, 102 S.Ct. at 453. Thus, the Court ruled that the § 1983 complaint against criminal defense counsel must be dismissed for lack of state action. *Id.*

In the present action, the allegations do not reflect that Defendant Nix acted under color of state law inasmuch as a conspiracy claim has not been stated. Accordingly, Plaintiff has failed to state a claim upon which relief may granted against Defendant Nix, and said claim is due to be dismissed.

---

[4] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.

**C. Claims Against Defendant Wadlington.**

Plaintiff complains about being charged with third-degree burglary even though he was innocent, being constantly offered plea bargains, having his trial repeatedly postponed, and having to pay $1,500.00 to the Clerk of the Court as part of an agreement in order to be released and have the charge nolle prossed. In his allegations, Plaintiff refers to the "District Attorney" or "DA" as well as to Defendant Wadlington. For the purpose of this Report and Recommendation, all of these references will be treated as referring to Defendant Wadlington, and not to the office of the District Attorney.

In a § 1983 action, a prosecutor is entitled to absolute prosecutorial immunity from damages for performing his function as an advocate for the government. *Buckley v. Fitzsimmons,* 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process." *Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986). This immunity encompasses acts or omissions associated "with the judicial phase of the criminal process," in particular, those taken in initiating a prosecution and in presenting the government's case. *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985); *Fullman,* 739 F.2d at 558-59. "[T]he absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed in order to prevent a flood of claims against the remainder of prosecutors performing their duties properly." *Hart v. Hodges,* 587 F.3d 1288, 1298 (11th Cir.), *cert. denied,* 560 U.S. 953 (2010). This includes instituting

prosecution with a malicious intent. *Jackson v. Capraun,* 534 F. App'x 854, 859 (11th Cir. 2013) (unpublished).[5]

A prosecutor is entitled to absolute prosecutorial immunity when he charges a person with a criminal offense in the absence of probable cause, *Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1281 (11th Cir. 2002), and when he brings criminal charges with no investigation. *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985). Similarly, "[a] prosecutor is absolutely immune from suit for malicious prosecution." *Jones v. Cannon,* 174 F.3d 1271, 1281 (11th Cir. 1999). Moreover, these prosecutorial activities are deemed to take place during the judicial phase of the criminal process.

The judicial phase also encompasses plea negotiations. *Santobello v. New York*, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) ("The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice."). Because plea negotiations are an essential element of the criminal justice system, a prosecutor's actions in the plea-bargaining process are protected by absolute prosecutorial immunity. *Taylor v. Kavanagh,* 640 F.2d 450, 453 (2d Cir. 1981); *see Cady v. Arenac Cty.,* 574 F.3d 334, 341-42 (6th Cir. 2009) (a prosecutor was entitled to absolute immunity for his actions related to a deferred prosecution agreement requiring him, and resulting in him, filing a nolle prosequi motion); *Brooks v. George Cty., Miss.,* 84 F.3d 157, 168 (5th Cir. 1996) (the acts of requesting entry of an order of nolle prosequi of criminal charges, of preparing the order for the court to memorialize the

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

same, and of forwarding the order to the clerk for filing are all acts "intimately associated with the judicial phase of the criminal process" entitling a prosecutor to absolute immunity), *cert. denied,* 519 U.S. 948 (1996); *Jackson,* 534 F. App'x at 858-59 & n.4 (the prosecutor was entitled to absolute immunity on the plaintiff's malicious prosecution claim which was based on a charge being dismissed and another charge being nolle prossed).

In the action at hand, Plaintiff's allegations arise from a third-degree burglary charge being brought against him and from the plea-bargaining process that led to the charge being nolle prossed/dismissed, which are events that are a part of the judicial phase of the criminal process. Defendant Wadlington is, therefore, entitled to absolute prosecutorial immunity from damages for his actions taken in Plaintiff's criminal case. *Weaver v. Geiger,* 294 F. App'x 529, at **4 (11th Cir. 2009).

**D. Claims Against Defendant Kittrell.**

Plaintiff named Braxton L. Kittrell, a state circuit court judge, as a Defendant. In a "1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978) (citation omitted); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104.

Plaintiff's allegations against Judge Kittrell are very few. The clearest reference of any action connected to Judge Kittrell is contained in the letter to Plaintiff from

11

Defendant Nix, which provides that Defendant Nix had not received the order from Judge Kittrell granting the motion to dismiss Plaintiff's case, but that Defendant Nix was sure Judge Kittrell would be doing so. (Doc. 17 at 7). The other references to Judge Kittrell are vague, such as, Judge "Kittrell forfeited absolute immunity by breaking the law in acting in concert with the other defendants to sell justice by extorting money from the defendant [sic] to wrongfully imprison him. . . while the Plaintiff was in pretrial detention[.]" (*Id.* at 9). And, in the other instance, Plaintiff simply referred to the collective "Defendants" who "attempted to induce him to plead guilty with plea bargain offers[, and] [w]hen he refused, the case was continued and no trial was allowed." (*Id.* at 4).

The decision in *Stump* provides that a judge is entitled to absolute immunity as long as the judge did not act in the "clear absence of all jurisdiction." *Simmons*, 86 F.3d at 1085 (quoting *Stump*, 435 U.S. at 357). In Alabama, a circuit court judge has exclusive original jurisdiction over all felony prosecutions. ALA. CODE § 12-11-30(2) (1996). And the crime of third-degree burglary, with which Plaintiff was charged, is a Class C felony. ALA. CODE § 13A-7-7 (1979). Plaintiff is challenging Defendant Kittrell's rulings in the criminal prosecution against him for third-degree burglary; therefore, the prong of the *Stump* test that requires that a judge be acting within his jurisdiction as a circuit court judge with respect to the challenged actions is satisfied.

Furthermore, one of Defendant Kittrell's responsibilities as a circuit court judge is to rule on motions connected to criminal cases. *See Sullivan v. State,* 939 So.2d 58, 65 (Ala. Crim. App. 2006) ("It is well settled that the disposition of a motion for a continuance is vested in the sound discretion of the trial court"); *State v. Sullivan,* 741

So.2d 1125, 1126 (Ala. Crim. App. 1999) (finding the State had no right to appeal the circuit judge's order granting the defendant's motion to dismiss the perjury charge). Accordingly, entering a ruling on a motion in a criminal case is a function that a judge typically performs.

With respect to the two allegations against Defendant Kittrell that refer to forfeiting immunity and to the collective Defendants attempting to induce Plaintiff to plead guilty, the Court finds that they are vague and conclusory and do not identify a specific action that was taken by Defendant Kittrell. Rather, they indirectly infer that Defendant Kittrell acted in "concert" with other Defendants to sell justice by extorting money. The Court, however, found that a conspiracy claim has not been stated due to the lack of supporting facts. And Plaintiff avers that the attempts to induce him to plead guilty caused his case to be continued. In the absence of specific facts, the Court cannot find that a plausible claim has been stated against Defendant Kittrell based on these generalized allegations. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 ("mere conclusory statements[] do not suffice" for stating a claim). Moreover, assuming *arguendo* that Judge Kittrell's involvement is based on entering orders, granting a continuance, and dismissing Plaintiff's criminal case once the Clerk of Court received $1,500.00 from Plaintiff, Defendant Kittrell's actions were taken in his judicial capacity in the handling of Plaintiff's criminal case. Accordingly, the Court finds that the other prong of the *Stump* test has been satisfied – that Defendant Kittrell was acting in his judicial capacity.

Because both prongs of the *Stump* test are satisfied, Judge Kittrell is entitled to absolute judicial immunity from Plaintiff's damages claims. Accordingly, Plaintiff's

damages claims against Judge Kittrell are due to be dismissed as frivolous. *Weaver*, 294 F. App'x at **4.

**E. Claims Against Defendant Jackson.**

Plaintiff named David Jackson, Clerk of the Conecuh County Circuit Court, as a Defendant. Plaintiff's allegations against Defendant Jackson mirror substantially the allegations he made against the other Defendants. *See* Doc. 17 at 8-9. He alleged that his claim against Defendant Jackson is for the "sale of justice, wrongful imprisonment under cruel and unusual conditions." (Doc. 17 at 10). And the supporting facts provide:

> From 03/20/2015 to 11/2/2016, Defendant Jackson acted in concert with the other defendants to sell justice by extorting money from the defendant [sic] and to wrongfully imprison him acting under color of law in violation of the U.S. Constitution, while the Plaintiff was in pretrial detention in Conecuh County, Alabama under cruel and unusual conditions of confinement.

(*Id.*).

In assessing the plausibility of a claim, the Court is obligated under *Iqbal* to eliminate allegations consisting of legal conclusions. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1285-86 (11th Cir. 2010). That is, "in concert," "to sell justice," "extorting money," "to wrongfully imprison," and "cruel and unusual conditions" are legal conclusions. The elimination of these phrases leaves few words in the paragraph, and the remaining words do not contain specific facts describing a violation of the Constitution or actions taken by Defendant Jackson. The only information that the Court can deduce involving Defendant Jackson, or someone in his office, concerns the $1,500.00 to be paid by Plaintiff to the Clerk. *See* Doc. 17 at 7, letter from Defendant Nix to Plaintiff ("Therefore, I suggest that you get prepared to come up with $1,500 to

be paid into the Clerk of the Court which will then trigger the dismissal of this action against you."); *see also* Doc. 1, Ex. B, State's Motion to Nolle Prosque ("Defendant to pay Costs and Restitution, not to exceed $1,500.00. After costs are taken, the remainder should be forwarded to the Victim."). As a consequence, the Court finds that Plaintiff's allegations do not contain a plausible claim against Defendant Jackson.

Furthermore, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages. *Tarter v. Hury,* 646 F.3d 1010, 1013 (5th Cir. Unit A 1981). In this instance, if Defendant Jackson's actions are limited to receiving money as the clerk pursuant to a court order, as indicated in the produced documents, he would be entitled to absolute immunity from Plaintiff's damages claims. Thus, Plaintiff has failed to state a claim against Defendant Jackson upon which relief can be granted, and the claims against Defendant Jackson are due to be dismissed.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii) because the claims are frivolous, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.[6]

---

[6] The Court is recommending the dismissal of Plaintiff's claims against Defendants on the bases of immunity or pleading deficiencies. The Court's reasoning for addressing Plaintiff's claims on these bases is the decision in *Abella v. Rubino,* 63 F.3d 1063 (11th Cir. 1995), which counseled addressing first the availability of immunity for a defendant on claims that are not ripe so the defendants will not be sued again when the claims become ripe. *Id.* at 1065 n.3. Even

though Plaintiff's action is due to be dismissed for the foregoing reasons, alternative reasons exist on which to dismiss Plaintiff's action, which the Court merely observes and is foregoing a detailed discussion.

Plaintiff identifies his claims as "sale of justice" and "wrongful imprisonment." These are not labels used by courts for describing claims. Because Plaintiff is *pro se*, his pleadings are held to a more lenient standard than those of an attorney. *Tannenbaum*, 148 F.3d at 1263. In giving a *pro se* plaintiff's allegations a liberal construction, the courts look to the substance of the claim to determine if an underlying legal basis exists. *Castro v. United States,* 540 U.S. 375, 381-82, 124 S.Ct. 786, 791-92,157 L.Ed.2d 778 (2003). In construing the present Plaintiff's claim, his allegations most closely conform to a claim for malicious prosecution, (although the Court recognizes there is a weak argument for finding a false imprisonment claim but no facts are alleged to support one).

A claim for malicious prosecution is proved by showing two things: "(1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Grider v. City of Auburn, Ala.,* 618 F.3d 1240, 1256 (11th Cir. 2010); *see Abercombie v. Beam,* 2018 WL 1341535, at *7 (11th Cir. Mar. 15, 2018) (stating same). With respect to the first prong, the elements for a malicious prosecution claim at common law are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Grider*, 618 F.3d at 1256 (quoting *Wood v. Kesler,* 323 F.3d 872, 882 (11th Cir. 2003)). In Alabama, the elements for a malicious prosecution claim are the same except the elements include a judicial proceeding and are not limited to a criminal prosecution. *Id.*

The second prong requires that the Fourth Amendment's right to be free from unreasonable seizures was violated. *Id.* This violation occurs when no probable cause existed for the arrest. *Id.*

Briefly, in examining the elements that must be met to state a malicious prosecution claim, the Court discerns, based on the few facts pled, one element is not capable of being satisfied. (The Court recognizes that other elements may not be satisfied, but this determination cannot be made due to the lack of facts being pled, which is also a failing in itself). The element that there was a favorable termination of the proceedings for Plaintiff is not satisfied. *Heck v. Humphrey,* 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Uboh v. Reno,* 141 F.3d 1000, 1004 (11th Cir. 1998) (stating same). "[C]ourts have found that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination and, thus, cannot support a claim for malicious prosecution." *Id.* at 1004. As courts have reasoned that "only terminations that indicate that the accused is innocent ought to be considered favorable." *Id.* (quoting *Hilfirty v. Shipman,* 91 F.3d 573, 579 (3d Cir.1996) (relying on Restatement (Second) of Torts § 660 cmt. A)). Here, Plaintiff did not allege that there was a favorable termination, and his factual allegations preclude him from showing that a favorable termination indicating his innocence occurred. *Elmore v. Fulton Cty. Sch. Dist.,* 605 F. App'x 906, 916 (11th Cir. 2015) (affirming the dismissal for the failure to allege and to prove a favorable termination in order to state a malicious prosecution claim). Accordingly, another basis for the dismissal of this action is for the failure to state a malicious prosecution claim.

In addition, 42 U.S.C. § 1997e(e), provides another basis for dismissal of Plaintiff's claims for compensatory and punitive damages. Section 1997e(e), which is a limitation on a recovery, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate

---

without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). A prisoner with no physical injury cannot receive compensatory or punitive damages due to § 1997e(e). *Al-Amin v. Smith,* 637 F.3d 1192, 1198 (11th Cir. 2011). In this action, Plaintiff alleges no physical injury and seeks only compensatory, punitive, and exemplary (punitive) damages. Thus, 42 U.S.C. § 1997e(e) would prevent this action from proceeding. This action is, therefore, due to be dismissed without prejudice, in the alternative, for failure to state a claim upon which relief should be granted. *Harris v. Garner,* 216 F.3d 970, 985 (11th Cir.), *cert. denied,* 532 U.S.1065 (2001).

Judge is not specific.

      **DONE** and **ORDERED** this 13th day of April, 2018.

                            s/ P. BRADLEY MURRAY
                            UNITED STATES MAGISTRATE JUDGE